UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHURCH MUTUAL INS. CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19cv903 SNLJ |
| | ) |
| THE METORPOLITAN CHRISTIAN WORSHIP CENTER OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

Plaintiff Church Mutual Insurance Company filed this lawsuit against its insured, defendant The Metropolitan Christian Worship Center of St. Louis, seeking a declaration of the rights and obligations of the parties under the insurance policy issued to defendant. Defendant had submitted a claim to plaintiff alleging that the subject property—a church—sustained damage due to a storm.  Plaintiff alleges that it investigated and issued payment for covered damages (less depreciation and deductible) totaling $20,209.39. Plaintiff denied defendant's claim for interior moisture damages because its investigation revealed that such damage was the result of deterioration.  Defendant made a formal demand for further payment, seeking $359,444.08.  Plaintiff denied that claim because it concluded that any such loss was not related to any storm or another Covered Cause of Loss under the policy.

Currently before the Court is defendant's motion to compel appraisal and abate the litigation [#19].  Defendant filed the motion on February 18, 2020, based on an appraisal

provision in the insurance policy that may be invoked by either party.  The provision states "if we or you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss."   Defendant contends that it invoked the appraisal provision on March 26, 2019 by written demand and notified plaintiff of its appraiser choice.  Plaintiff filed the complaint on April 10, 2019.  Defendant now seeks a court order requiring plaintiff to comply with the terms of the appraisal process.

"The Missouri Supreme Court has held that the appraisal process is not appropriate for resolving questions of coverage."  *Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, 4:13-CV-193 CAS, 2013 WL 2403843, at *8 (E.D. Mo. May 31, 2013) (citing *Hawkinson Tread Tire Service Co. v. Indiana Lumbermens Mutual Insurance Co*., 245 S.W.2d 24, 28 (Mo. 1951)).  "In contrast, where the parties' disagreement is over the amount of loss, appraisal is appropriate." *Id.*  Defendant here insists that because the parties agree there is a covered loss but disagree on the amount of loss, that appraisal should be ordered.  This Court disagrees that the dispute here is only as to the amount of loss.  Plaintiff alleges that defendant materially misrepresented its claim by presenting a replacement cost claim when all that is available under the policy is actual cash value.  Plaintiff also alleges that defendant failed to cooperate, failed to provide prompt notice of the loss, failed to protect the property from further damage, and failed the produce requested documents and records in support of the claim.  This Court held that similar allegations presented a coverage question, and not a question only of loss, in *SSDD, LLC*. *Id.* at *8.  This case is

2

distinguishable from *Underwriters at Lloyd's of London, Syndicate 4242 v. Tarantino Properties, Inc.*, relied upon by defendant, as that case pertained only to "the extent to which the loss was caused by a covered peril." 4:12-CV-00167-DGK, 2012 WL 3835385, at *4 (W.D. Mo. Sept. 4, 2012).

This Court thus finds that coverage is at issue, and an appraisal is not proper. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel appraisal and abate litigation is DENIED.

Dated this  23rd  day of June, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

3