UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-00903-MTS ) |
| THE METROPOLITAN CHRISTIAN WORSHIP CENTER OF ST. LOUIS, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Church Mutual Insurance Company's Motion to Strike Defendant The Metropolitan Christian Worship Center of St. Louis's Expert Report, Estimate, and Testimony of Raymond Choate, Doc. [25]. The Motion is fully briefed and ready for adjudication.[1]

Plaintiff argues that Mr. Choate's report, estimate, and testimony should be stricken under Federal Rules of Evidence 401, 403, and 702 since the report only addresses the replacement cost value of the alleged weather-related storm damage and not the actual cash value, which is what the insurance policy at issue covered. Plaintiff maintains that the only testimony Mr. Choate can offer would be irrelevant and immaterial, would result in misleading the jury, and that his opinions lack a reliable foundation.

The Court finds that Mr. Choate's report and estimate regarding the replacement cost value of the alleged weather-related damage are relevant. That information would assist the trier of fact in determining the actual cash value—a fact of consequence—since, under the policy, the

---

[1] Because this Order has been filed contemporaneously with the Court's Order denying Plaintiff's Motion for Summary Judgment, the Court will not repeat the relevant background but rather refers the reader to Doc. [36].

replacement cost value must be calculated first.[2] *See* Fed. R. Evid. 401. Given that the replacement cost value is a necessary component of the equation to calculate the actual cash value, the Court does not agree that the report and estimate present any danger that "substantially outweigh[s]" their probative value. *See* Fed. R. Evid. 403. Lastly, Plaintiff has provided no indication that Mr. Choate is not qualified as an expert or that his opinions regarding the replacement cost value are not based on sufficient facts or data. *See* Fed. R. Evid. 702.

While Defendant may not be able to adduce evidence of depreciation through Mr. Choate, there is evidence in the record regarding depreciation on the roof and gutters in question. In any event, the Court construes the remainder of the Motion regarding Mr. Choate's testimony as a motion in limine and will deny it *without* prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Expert Report and Estimate, Doc [25], is **DENIED**.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's Motion seeking to block testimony of Mr. Choate is construed as a motion in limine and is **DENIED without prejudice**.

Dated this 15th day of October, 2020

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] *See* Doc. [30-4].